UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY BYSOUTH,

    Plaintiff,

v.

FLEET MANAGEMENT, *et al.*,

    Defendants.

                              /

Case No. 14-cv-13654

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
R. STEVEN WHALEN

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT [57]**

This matter is before the Court on Plaintiff Kelly Bysouth's Motion for Leave to Amend the Complaint [57], filed on October 27, 2015. The Plaintiff sought to add new parties to her action. On December 22, 2015, this Court ordered Plaintiff to show cause as to why her claims against the new parties were not barred by the statute of limitations. *See* Dkt. No. 62.

On January 4, 2016, Plaintiff conceded that her claims under the Fair Debt Collection Practice Act against the new defendants had expired. *See* Dkt. No. 63 (Pg. ID No. 380). Plaintiff's state law claims however are governed by a six-year statute of limitations, which has yet to expire. Plaintiff requested that this Court exercise supplemental jurisdiction over her state law claims under 28 U.S.C. § 1367(a).

Under the standard enunciated in *United Mine Workers v. Gibbs*, 83 U.S. 715 (1966) and codified in 28 U.S.C. § 1367(c), this Court has broad discretion to exercise its supplemental jurisdiction. Even where "the [Court] arguably [has] supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (a), the Court has discretion to decline to exercise its

-1-

-2-

supplemental jurisdiction…" *Cirasuola v. Westrin*, 1997 WL 472176, at *1 (6th Cir. Aug. 18 1997).

As the Supreme Court held in *City of Chicago v. International College of Surgeons*,

> That § 1367(a) authorizes district courts to exercise supplemental jurisdiction over state law claims . . . does not mean that the jurisdiction *must* be exercised in all cases. The district courts can decline to exercise pendent jurisdiction over such claims in the interests of judicial economy, convenience, fairness, and comity.

522 U.S. 156, 158, 118 S. Ct. 523, 526, 139 L. Ed. 2d 525 (1997).

Accordingly, supplemental jurisdiction over the Plaintiff's state law claims is **DENIED**. The hearing on the matter, scheduled for January 19, 2016 at 11:00 a.m., being no longer necessary is hereby **CANCELED**.

IT IS SO ORDERED.

Dated: January 7, 2016  /s/Gershwin A Drain  
Detroit, MI  HON. GERSHWIN A. DRAIN  
United States District Court Judge